```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LICCARDI FORD, INC., et al., | CIVIL ACTION NO. 05-3581 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| FIDELITY WARRANTY SERVICES, INC., et al., |  |
| Defendants. |  |

**COOPER, District Judge**

The Court issued an order to show cause why this action to recover damages for breach of contract should not be remanded to New Jersey Superior Court, Somerset County, for lack of jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 3.) In response, the removing defendants — Fidelity Warranty Services, Inc. ("FWS"), and Jim Moran & Associates, Inc. ("JMA") — move to either (1) dismiss the complaint insofar as asserted against them for improper venue under Federal Rule of Civil Procedure ("Rule") 12(b)(6), or (2) transfer the action to Florida under Section 1404. (Dkt. entry no. 7.)

The Court will (1) decide the order to show cause and the motion without oral hearing and on the papers under Rule 78, (2) vacate the order to show cause, (3) grant the part of the motion seeking to transfer the action, and (4) transfer the action to the United States District Court for the Southern District of Florida ("Southern District").

**BACKGROUND**

The plaintiffs — Liccardi Ford, Inc. ("LFI"), Liccardi Motors, Inc. ("LMI"), and Liccardi Lincoln-Mercury, L.L.C. ("LLLC") — sell cars in New Jersey. (See Gregory Liccardi Cert., at 2; Pls. Br., at 3.) The plaintiffs offered "a pre-paid maintenance program" to their customers "under which [the plaintiffs] became obligated to provide certain scheduled maintenance services (Car Care Service Plan)." (Compl., at 2.) Under the terms of a contract with the defendants ("Contract"):

> Defendants . . . provided Plaintiffs' customers with coupon books for the pre-paid Car Care Service Plan contracts as issued by Plaintiffs. Pursuant to the [Contract], Defendants agreed to reimburse Plaintiffs the value of coupons submitted to Defendants by Plaintiffs. In addition, Defendants agreed to pay Plaintiffs [the] reimbursement value of missed coupons as of the end of each calendar [year] by February 15 of the next year. . . . [T]he Plaintiffs were not paid the reimbursement value of missed coupons as required by the [Contract].

(Id.) The plaintiffs then brought this action to recover damages for breach of the Contract.

**DISCUSSION**

**I.   Section 1332 Jurisdiction**

The parties are familiar with the Court's jurisdictional concerns, which are stated in the order to show cause. (See dkt. entry no. 3.) FWS and JMA now allege (1) LFI and LMI are New Jersey corporations with principal places of business in New Jersey, (2) LLLC is a limited liability company comprised of

2

members who are New Jersey citizens only, (3) FWS and JMA are Florida corporations with principal places of business in Florida, and (4) the defendant JM Family Enterprises, Inc. ("JMFE"), is a Delaware corporation with a principal place of business in Florida.  (Defs. Br. in Resp., at 1-5.)

FWS and JMA now have properly alleged there is jurisdiction under Section 1332.  The plaintiffs' arguments in response are without merit.  (See 8-25-05 Cohn Letter.)  Thus, the Court will vacate the order to show cause.[1]

**II. Venue**

   **A.   Law and Forum Provision**

FWS and JMA — in moving to either dismiss the complaint insofar as asserted against them, or transfer the action — rely on this provision in the Contract ("Law and Forum Provision"):

> Governing Law.  This Agreement shall be governed by and construed and enforced in accordance with the laws of Florida, and the parties agree that any litigation regarding this Agreement shall take place only in Broward County, Florida.

(Guttoso Aff., Ex. A, Agmt. ("Agmt."), at 4 (emphasis added).)

---

[1] The plaintiffs assert LLLC's members "maintain a condominium in Boca Raton, Florida" (8-25-05 Cohn Letter, at 1), but fail to assert those members are Florida citizens.  Their other arguments — that the action should be remanded to state court because (1) it is as convenient as federal court, (2) the defendants will not be prejudiced, (3) the action involves a claim for breach of contract under state law, and (4) the volume of cases in the federal courts is high — are equally without merit for purposes of determining jurisdiction here.  (Id. at 2-3.)

**B.   Proper Venue**

The Court is vested with broad discretion to consider a transfer of venue to a district where the action might have been more-properly brought under Section 1404.  See <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995).

**1.   Prima Facie Showing by FWS and JMA**

New Jersey is a proper venue for the action.  But FWS and JMA have shown, prima facie, that Florida is a more-proper venue.

**i.   Mandatory Language**

The Law and Forum Provision provides that litigation concerning the Contract "<u>shall</u> take place <u>only</u> in Broward County, Florida," and thus is mandatory.  See <u>Applied Card Sys. v. Winthrop Res. Corp.</u>, No. 03-4104, 2003 WL 22351950, at *2-*3 (E.D. Pa. Sept. 23, 2003) (granting part of motion seeking transfer to Minnesota, as contract stated "venue shall be in Minnesota"); <u>Hoffer v. InfoSpace.com, Inc.</u>, 102 F.Supp.2d 556, 571 (D.N.J. 2000) (granting part of motion seeking transfer to Washington, even though plaintiff was New Jersey citizen, as forum-selection clause given "substantial consideration").

**ii.   Citizenship and Florida Connection**

The Court will give the Florida-venue preference of FWS and JMA significant weight, as (1) it is consistent with the Law and Forum Provision, and (2) all of the defendants are citizens of, and have their principal places of business in, Florida.  See

4

Shore Slurry Seal v. CMI Corp., 964 F.Supp. 152, 157 (D.N.J. 1997) (granting part of motion seeking transfer to Oklahoma). LLLC's members, who have an interest in LFI and LMI, also have a Florida connection, as they maintain property there.  (See supra note 1.  See generally Compl.; Gregory Liccardi Cert.)

### iii. Florida Law Governs

The Law and Forum Provision provides that the Contract "shall" be governed by Florida law.  Thus, it is appropriate to litigate this action in Florida, where the courts will be more familiar with the relevant state law.  See Shore Slurry, 964 F.Supp. at 158 (granting part of motion seeking transfer to Oklahoma, as contract mandated same); Burger King Corp. v. Stroehmann Bakeries, 929 F.Supp. 892, 895 (E.D. Pa. 1996) (granting part of motion seeking transfer to Florida, as contract mandated same).

### iv.  Florida's Interest

All of the defendants conduct their operations out of Florida.  Thus, the Florida courts have a strong interest in overseeing the conduct of the defendants.   See Applied Card, 2003 WL 22351950, at *3 (granting part of motion by Minnesota corporation seeking transfer to Minnesota); Cadapult Graphic Sys. v. Tektronix, Inc., 98 F.Supp.2d 560, 568 (D.N.J. 2000) (granting part of motion by Oregon corporation seeking transfer to Oregon).

### 2. Plaintiffs' Burden

The plaintiffs now have the burden of showing why (1) they should not be bound by the Law and Forum Provision, and (2) the action should not be transferred to Florida. See Shore Slurry, 964 F.Supp. at 156. They have failed to meet this burden.

#### i. Lack of Awareness

The plaintiffs argue they "were not even aware that such language was in [the Contract]". (Gregory Liccardi Cert., at 3.) This argument is without merit. The Law and Forum Provision is (1) not obfuscated, (2) typed in the same size and manner as the other Contract provisions, and (3) on the same page as, and the last clause immediately before, the signatures executing the Contract. (Agmt., at 4.) See Coleman v. Lazy Days RV Ctr., No. 04-2198, 2005 WL 1154492, at *3 (M.D. Pa. May 6, 2005) (granting part of motion seeking transfer, as forum clause "is in no way inconspicuous or hidden," and in same-size type as others); Wilson Of Wallingford v. Reliable Data Sys., No. 95-6686, 1995 WL 734232, at *1-*2 (E.D. Pa. Dec. 5, 1995) (rejecting arguments — in granting part of motion seeking transfer — that plaintiff's representative did not read or bargain for forum clause).

#### ii. Boilerplate

The plaintiffs argue the Court should not favor the Law and Forum Provision because it was "not negotiated since the [Contract] was on defendants' standard form." (Gregory Liccardi

Cert., at 3.)  They also argue FWS and JMA "rely[] upon non-negotiated boilerplate language . . . for the apparent purpose of discouraging anyone from commencing an action against them, except in . . . Broward County, State of Florida." (See Pls. Br., at 7.)

This argument is without merit.  The plaintiffs have failed to show that their consent to the Law and Forum Provision was induced by fraud, overreaching, or coercion.  Thus, a lack of negotiation does not render it unenforceable.  See Coleman, 2005 WL 1154492, at *4 (rejecting same argument concerning non-negotiated boilerplate in granting part of motion seeking transfer); Barbuto v. Med. Shoppe Int'l, 166 F.Supp.2d 341, 346-47 (W.D. Pa. 2001) (same).  Also, the plaintiffs have not shown they were anything less than "sophisticated" entities when they executed the Contract.  Applied Card, 2003 WL 22351950, at *3 (granting part of motion seeking transfer); Barbuto, 166 F.Supp.2d at 347 (same); Shore Slurry, 964 F.Supp. at 156 (same).[2]

### iii. Defendants Do Business in New Jersey

The plaintiffs argue New Jersey is a more-proper venue, since the defendants (1) do business here, and (2) visited here to solicit their business.  (Gregory Liccardi Cert., at 2-3.) This argument is without merit, in light of the existence of the

---

[2] The Law and Forum Provision is still enforceable, even if the defendants breached the Contract.  See Versar, Inc., v. Ball, No. 01-1302, 2001 WL 818354, at *2 (E.D. Pa. July 12, 2001) (rejecting argument that forum clause expires when contract terminates or is breached).

7

Law and Forum Provision.  See Applied Card, 2003 WL 22351950, at *3 (rejecting same argument in granting part of motion seeking transfer); Shore Slurry, 964 F.Supp. at 158 n.5 (rejecting arguments — that contract negotiated in New Jersey and defendant sent personnel to New Jersey — as "irrelevant to the transfer analysis" in granting part of motion seeking transfer).

### iv.  Inconvenience

The plaintiffs fail to make an argument that any witnesses will be inconvenienced if the action is transferred to Florida, other than this: "[P]laintiffs ask that the Court consider that this is not a situation involving inconvenience and expenses, though that is a relevant factor." (Pls. Br., at 9.)  Indeed, the plaintiffs, by executing the Contract containing the Law and Forum Provision, "bear the risks of such inconvenience." Cadapult, 98 F.Supp.2d at 568 (granting part of motion seeking transfer to Oregon).  Furthermore, "Florida is not a remote alien forum" that "would effectively deprive [the plaintiffs] of their day in court."  Barbuto, 166 F.Supp.2d at 347 (cites and quotes omitted) (rejecting argument — in granting part of motion seeking transfer — that plaintiffs lacked resources to litigate elsewhere and could not afford time away from business).

### C.  Transfer, Not Dismiss

The Florida factors outweigh the New Jersey factors, and thus the Court will grant the part of the motion seeking to

transfer the action.  But the Court will deny the part of the motion seeking dismissal of the complaint insofar as asserted against FWS and JMA, because "it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss."  Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 299 (3d Cir. 2001).  See Source Buying Group v. Block Vision, No. 99-5412, 2000 WL 62972, at *1 (E.D. Pa. Jan. 14, 2000) (stating — in granting part of motion seeking transfer to Southern District — "[t]ransfers pursuant to forum selection clauses are consistently construed under the rubric of § 1404(a)").[3]

A federal venue is available in compliance with the Law and Forum Provision.  The Southern District has a division in Broward County, i.e., Fort Lauderdale.  See www.flsd.uscourts.gov (under General Information, Divisional Offices).  The Law and Forum Provision does not mandate a state court; it merely mandates any court in Broward County.  (See Agmt., at 4.)  See Coleman, 2005 WL 1154492, at *3 (granting part of motion seeking transfer to Middle District of Florida, as contract mandated complaint "must

---

[3] FWS and JMA lack standing to move to dismiss the complaint insofar as asserted against JMFE.  JMFE has not appeared in the action.  Even if the Court were to grant the part of the motion by FWS and JMA seeking dismissal, the complaint insofar as asserted against JMFE would remain viable.

9

be filed exclusively in Hillsborough County, Florida," and that court had division therein, i.e., Tampa).  Cf. Spectracom, Inc., v. Tyco Int'l, No. 03-3845, 124 Fed.Appx. 75, 76-77 (3d Cir. Oct. 27, 2004) (affirming judgment dismissing complaint without prejudice to refile in state court in Arapaho County, Colorado, as forum-selection clause mandated action "shall only be brought" in that county, which lacked federal court therein).[4]

**CONCLUSION**

The Court will (1) vacate the order to show cause, (2) grant the part of the motion seeking to transfer the action, (3) deny the part of the motion seeking dismissal of the complaint insofar as asserted against FWS and JMA, and (4) direct the Clerk of the Court to transfer the action to the United States District Court for the Southern District of Florida.  The Court will issue an appropriate order.


                                  s/ Mary L. Cooper
                                  **MARY L. COOPER**
                                  United States District Judge

---

[4] Boca Raton — where LLLC's members maintain property — is not in Broward County.  But it appears to be only 22 miles from Fort Lauderdale.  See http://maps.google.com; www.mapquest.com.

10